555

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

Name SMITH   RICK   P.
     (Last)   (First)   (Initial)

Prisoner Number T-98778

Institutional Address SAN QUENTIN STATE PRISON
SAN QUENTIN, CA. 94974

FILED JUL -9 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT THERN DISTRICT CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RICKY P. SMITH
(Enter the full name of plaintiff in this action.)

vs.

ROBERT L. AYERS, JR.
SGT. BICKHAM
HARO, KNOX, PURCO
PERSAUD, DELOSARIO
(Enter the full name of the defendant(s) in this action)

CV 08 3313 (PR)

Case No. _____
(To be provided by the clerk of court)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C §§ 1983

E-filing

*[All questions on this complaint form must be answered in order for your action to proceed.]*

I.  Exhaustion of Administrative Remedies

   [Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

   A.  Place of present confinement  SAN QUENTIN

   B.  Is there a grievance procedure in this institution?
       YES (X)    NO ( )

   C.  Did you present the facts in your complaint for review through the grievance procedure?
       YES (X)    NO ( )

   D.  If your answer is YES, list the appeal number and the date and result of the
       4-08-01658

COMPLAINT                              - 1 -

|   |   |
|---|---|
| 1 | appeal at each level of review. If you did not pursue a certain level of appeal, |
| 2 | explain why. |
| 3 | 1. Informal appeal LOG # CSQ-4-08-01658 DATE DUE |
| 4 | 8-4-08 STAFF REVIEWER A W S R. DRAU |
| 5 | OR P. PADILLA _____ 2. First |
| 6 | formal level |
| 7 | |
| 8 | |
| 9 | 3. Second formal level |
| 10 | |
| 11 | _____ 4 Third |
| 12 | formal level |
| 13 | |
| 14 | |

15  E.  Is the last level to which you appealed the highest level of appeal available to
16      you?
17              YES ( )     NO ( )
18  F.  If you did not present your claim for review through the grievance procedure,
19  explain why. NO 602'S SINCE 11-13-07
20  HAVE WROTE LAW LIBRARY AND APPEAL
21  COORDINATOR AND ASKED ON 4-13-8
22  II.  Parties  FILED 602'S 6-1-8, 6-3, 6-6 AND 6-13-8
23  A.  Write your name and your present address. Do the same for additional plaintiffs,
24      if any.
25  RICK P. SMITH
26  SAN QUENTIN STATE PRISON 1AC53
27  SAN QUENTIN, CA. 94974
28  B.  Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                           - 2 -

1  place of employment.
2  ROBERT L. AYERS, JR. WARDEN
3  SGT. BICKHAM, HARO, T.D. KNOX, PUREEO
4  PERSAUD, DELOSARIO, MORRIS, S. WAGNER
5  BULATO, DAROCIO, CONSTANCEIO, SCHMIDT,
6  J. GILES, NOVAK, S. FAAITA      III. KIM
7  Statement of Claim
8  State here as briefly as possible the facts of your case. Be sure to describe how each
9  defendant is involved and to include dates, when possible. Do not give any legal arguments or
10 cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
11 separate numbered paragraph.
12 ENCLOSED 5 PAGE STATEMENT OF CLAIM SUMMARY
13 PLAINTIFF STATES THAT FROM 2-13-8 HE WAS
14 DENIED SHOWERS, SHOES, PROPERTY, ACCESS TO
15 COURTS, 602'S, MEDICAL TREATMENT, YARD AND
16 FOUR DIFFERENT TIMES HAD WATER SHUT
17 OFF BY A.C. STAFF AND SGT.'S BERK,
18 BAINE, AND BICKHAM HAD FULL KNOWLEDGE
19 OF CONSTITUTIONAL VIOLATIONS AND FAILED
20 TO INTERVENE. ALSO DR. HANNA'S DENIAL
21 OF T.B. MEDS GIVES RISE TO IMMINENT
22 DANGERS AS WELL.
23
24
25 IV.   Relief
26 Your complaint cannot go forward unless you request specific relief. State briefly exactly
27 what you want the court to do for you. Make no legal arguments; cite no cases or statutes.
28 PLAINTIFF'S COSTS IN THIS SUIT

COMPLAINT                             - 3 -

1 | JURY TRIAL ON ALL ISSUES
2 | ALL ADDITIONAL RELIEF THIS COURT
3 | DEEMS JUST, AND PROPER
4 | PLAINTIFFS' COSTS IN THIS SUIT.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **28th** day of **JUNE**, 20**08**

_Ricl P. [signature]_
(Plaintiff's signature)

A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

COMPLAINT                              - 4 -

# STATEMENT OF CLAIM

DUE PROCESS, EQUAL PROTECTION CLAUSES OF THE 5th AND 14th AMENDMENT, PRISON CONDITION DOES GIVE RISE TO SIGNIFICANT HARDSHIP ON THE INMATE IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE AND THAT SIMILARY SITUATED INMATES ARE INTENTIONALLY TREATED DIFFERENTLY BY THE STATE AND THERE IS NO RATIONAL RELATION BETWEEN THE DISSIMILAR TREATMENT AND ANY LEGITIMATE PENAL INTEREST
TURNER V. SAFLEY 482 U.S. 78, 89 (1987)

WHEN THE STATE BY THE AFFIRMATIVE EXERCISE OF ITS POWER SO RESTRAINS AN INDIVIDUAL'S LIBERTY THAT IT RENDERS HIM UNABLE TO CARE FOR HIMSELF, AND AT THE SAME TIME FAILS TO PROVIDE FOR HIS BASIC HUMAN NEEDS, E.G. FOOD, CLOTHING, IT TRANSGRESSES THE SUBSTANTIVE LIMITS ON STATE ACTION SET BY THE 8th AMEND.

DESHANEY V. WINNEBAGO CO. DEPT. OF SOCIAL SERVICES 489 U.S. 189, 109 S.Ct. 998, 1005, 103 L.ED. 2D 249 (1989)

PRISON WALLS DO NOT SEPARATE INMATES FROM THE PROTECTIONS OF THE CONSTITUTION
TURNER 482 U.S. AT 84, 107 S.Ct AT 2259

PRISONERS RETAIN LIMITED 1RST AMEND RIGHT TO FREE EXERCISE OF RELIGION
CRUZ V. BETO, 405 U.S. 319, 322 N.2 (1972)

FREEDOM TO COMMUNICATE WITH THE OUTSIDE WORLD
THORNBURGH V. ABBOTT, 409 U.S. 401, 411-12, 109 S.Ct 1874, 1880-81 104 L.ED 2D 459 (1989)

PRISONERS RETAIN 8th AMEND RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT
FARMER V. BRENNAN 511 U.S. 825, 832 (1994)

PRISONERS RETAIN RIGHT OF ACCESS TO COURTS
BOUNDS V. SMITH 430 U.S. 817, 821 (1977)

FREEDOM TO PETITION THEIR GOVERNMENT FOR A REDRESS OF GRIEVANCES
JOHNSON V. AVERY 393 U.S. 483, 485, 89 S.Ct. 747, 748-49, 21 L.ED 2D 718 (1969)

PRISONERS RETAIN RIGHT TO DUE PROCESS SUBJECT TO RESTRICTIONS IMPOSED BY NATURE OF PENAL SYSTEM
WOLFF V. MCDONNELL 418 U.S. 539, 556 (1974)

PRISONERS RETAIN RIGHT TO EQUAL PROTECTION OF LAWS
LEE V. WASHINGTON 390 U.S. 333, 333-34 (1968)

PRISON OFFICIALS MAY NOT INTERFERE WITH A PRISONERS EXERCISE OF 1RST AMEND. RIGHTS TO FREEDOM OF SPEECH UNLESS THE INTERFERENCE IS REASONABLY RELATED TO A LEGITIMATE PENAL INTEREST
THORNBURGH V. ABBOTT 490 U.S. 401, 414-15 (1989)

SIMILARLY, PRISON OFFICIALS MAY NOT RETALIATE AGAINST A PRISONER FOR EXERCISING HIS 1RST AMEND. RIGHTS
GILL V. PIDLYPCHAK 389 F.3D 379, 384 (2D CIR. 2004)

PRISONERS RETAIN RIGHT TO OUTGOING CORRESPONDENCE UNLESS IT POSES A THREAT TO INTERNAL PRISON SECURITY OR OTHER LEGITIMATE PENAL INTERESTS AND THEREFORE MAY NOT BE PROHIBITED ABSENT A VALID PENOLOGICAL JUSTIFICATION.
PROCUNIER V. MARTINEZ 416 U.S. 396 (1974)

PRISON CONDITIONS AND PRACTICES CANNOT DEPRIVE INMATES OF THE MINIMAL CIVILIZED MEASURE OF LIFE'S NECESSITIES, EXERCISE PERSONAL HYGIENE, LIGHTING AND SANITARY TOILET FACILITIES FALL INTO THIS CATEGORY. WHEN THE STATE TRANSGRESSES THESE LIMITS IT TRANSGRESSES THE 8th AMEND.
WILSON V. SEITER 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.ED.2D 271 (1991)

PRISON OFFICIALS MAY NOT TRANSFER A INMATE IN RETALIATION FOR THE EXERCISE OF CONSTITUTIONALLY PROTECTED RIGHTS
DAVIS V. KELLY 160 F.3D 917, 920 (2D CIR. 1998)

IN ORDER TO STATE A CLAIM, PRISONERS MUST DEMONSTRATE THAT THEIR PROTECTED CONDUCT WAS A SUBSTANTIAL OR MOTIVATING FACTOR IN THE DECISION TO TRANSFER.
CARTER V. MCGRADY 292 F.3D 152, 158 (3D CIR. 2002)

ALTHOUGH PRISONERS RETAIN CERTAIN FUNDAMENTAL RIGHTS OF SEARCHES, SEIZURES AND PERSONAL PRIVACY UNDER THE 4th AMEN LEGITIMATE INSTITUTIONAL INTERESTS AND THE REASONABLENESS OF STRIP SEARCHES DETERMINE THEIR CONSTITUTIONALITY BY BALANCING THE STATES NEED FOR A PARTICULAR SEARCH AGAINST THE EXTENT OF THE INVASION SUFFERED BY THE PRISONER

Inmate has the right to be free from strip search absent reasonable suspicion prisoner is carrying contraband or weapons.
Shain v. Ellison 273 F.3d 56, 65-66 (2d Cir 2001)

Supervisory liability may be imposed under Sect. 1983 when an official has actual or constructive notice of unconstitutional practices and demonstrates "gross negligence" or "deliberate indifference" by failing to act.
Meriwether v. Coughlin 879 F.2d 1037 (2d Cir 1989)

When a supervisory official is placed on actual notice of a prisoners need for medical care, administrative negligence can rise to the level of deliberate indifference to or reckless disregard for a prisoners safety.
Rondon Pinto v. Jimenez Nettleship 737 F.2d 130, 132 (1st Cir 1984)

In Estelle v. Gamble the court dealt with a claim that the failure to provide medical attention to a prisoner was a 8th Amend. violation. It also noted that the state has a "obligation to provide medical care for those whom it is punishing by incarceration", and held that deliberate indifference to a prisoners serious illness or injury would violate the 8th Amend.
Estelle v. Gamble 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976)

State has a constitutional duty to provide adequate medical treatment to those in custody under the 8th Amend.
Estelle, supra, 429 U.S. at 104, 97 S.Ct. at 291 (1976)

In Helling v. McKinney, Justice White writting for the court stated that exposure to conditions that are "demonstrably unsafe" can violate the 8th Amend. If the inmate can prove that the risk is "so grave that it violates contemporary standards of decency to expose anyone unwilling to such risks".

The 8th Amend. protects against "imminent dangers" as well as against present harms. The court offered the example of a prison inmate who complained about unsafe drinking water. Such an inmate could bring this claim for relief "without waiting for an attack of dysentery".
Helling v. McKinney 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed 2d 22 (1993)

IN HUDSON V. MCMILLIAN JUSTICE BLACKMUN SUGGESTED IN A CONCURRING OPINION THAT THE UNNECESSARY PAIN PROHIBITED BY THE 8th AMEND. COULD INCLUDE PSYCHOLOGICAL AS WELL AS PHYSICAL PAIN.

PSYCHOLOGICAL PAIN CAN BE EVERY BIT AS DEBILITATING AS PHYSICAL PAIN. WHAT IS MORE IN A PRISON SETTING, WHERE PRISON OFFICIALS HAVE SUCH TOTAL CONTROL OVER INMATES THE POTENTIAL FOR THE INFLICTION OF SEVERE PSYCHOLOGICAL HARM IS QUITE REAL. TO FENCE OUT PSYCHOLOGICAL PAIN FROM 8th AMEND. PROTECTION WOULD BE TO OPEN UP OPPORTUNITIES TO MALTREAT INMATES WITHOUT CONSTITUTIONAL REVIEW.

THE SUPREME COURT'S HOLDING IN HUDSON AND HELLINGS TO STAND FOR THE PROPOSITION THAT PHYSICAL INJURY IS NOT REQUIRED TO MAKE A 8th AMEND VIOLATION.
HUDSON V. MCMILLIAN 503 U.S. 1 (1992)

THERE IS A STRONG LIKELIHOOD OF PSYCHOLOGICAL DAMAGE DUE TO THE DENIAL OF EXERCISE PRIVILEGES FOR 90 DAYS.
DELANEY V. DETELLA 256 F.3D 679 (7th CIR 2001)

SAN QUENTIN LEGAL ASSISTANCE HINDERED EFFORTS TO PURSUE LEGAL CLAIMS. WHEN ANY INMATE SHOWS ACTIONABLE CLAIM LOST OR REJECTED OR THE CAPABILITY OF FILING SUIT HAS NOT BEEN PROVIDED HE DEMONSTRATES STATE FAILED TO FURNISH ADEQUATE LAW ASSIST IN VIOLATION OF U.S.C.A. 14 ACCESS TO THE COURTS. PLAINTIFF CLAIMS WERE SO STYMIED BY INADEQUACIES THAT I WAS UNABLE TO EVEN FILE A COMPLAINT AND THERE WAS NO LEGITIMATE PENOLOGICAL INTEREST FOR THE DELAY.
BOUNDS 430 U.S. AT 828, 97 S.Ct AT 1498 (1977)

INDIGENT INMATES MUST BE PROVIDED AT STATE EXPENSE WIT PEN AND PAPER TO DRAFT LEGAL DOCUMENTS, WITH NOTARIAL SERVICES TO AUTHENTICATE THEM AND WITH STAMPS TO MAIL THEM.
LEWIS V. CASEY 518 U.S. 343, 116 S.Ct 2174 (1998)

IN BENEFIELD V. MCDOWALL, 241 F.3D 1267, 1270 (10th Cir. 2001) THE COURT STATED THAT THE 8th AMEND. WAS VIOLATED WHEN A PRISON OFFICER LABELED A PRISONER A "SNITCH" BECAUSE THE LABEL EXPOSES A PRISONER TO POTENTIAL FOR GREAT HARM AND CONSTITUTES DELIBERATE INDIFFERENCE TO PRISONERS SAFETY.

PLAINTIFF STATES THAT C/O COHENLY'S REMARK THAT I "P.C.'D" UP IN WEST BLOCK VIOLATED MY 8th AMEND RIGHTS, AND THAT THE DELIBERATE INDIFFERENCE OF C/O'S COLLINS, COHENLY, PRADO, AND M. MORROW CLEARLY VIOLATED MY DUE PROCESS AND EQUAL PROTECTION OF THE 5th AND 14th AMEND. GIVING RISE TO SIGNIFICANT HARDSHIP IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE AND THAT SIMILARLY SITUATED INMATES ARE INTENTIONALLY TREATED DIFFERENTLY AND THERE IS NO RATIONAL RELATION BETWEEN THE DIS SIMILAR TREATMENT AND ANY LEGITIMATE PENAL INTEREST. SANDIN V. CONNER 515 U.S. 472, 484 (1995)

2-13-8 C/O COHENLY TOLD ME I WAS GOING TO INSTITUTIONAL CLASSIFICATION COMMITTEE (I.C.C.). INSTEAD I WAS MOVED FROM 3-C-8 TO 1A.C.58 IN THE ADJUSTMENT CENTER. SGT. CANNON AND C.D.C. 128B, CENTRAL FILE STATED I WAS MOVED FOR BEING DISRUPTIVE. PLAINTIFF CLAIMS HE WAS MOVED FOR INFORMING OTHERS HOW TO FILE FED. LAW SUITS IN THE JAILHOUSE LAWYERS HANDBOOK FROM THE NATIONAL LAWYERS GUILD, 132 NASSAU ST. RM. 922 N.Y., N.Y. 10038 AND VIOLATING TITLE 15, SECT. 3160/A "STAFF SHALL NOT IN ANY WAY RETALIATE AGAINST OR DISCIPLINE AN INMATE FOR INITIATING OR MAINTAINING A LAWSUIT."

2-14-8 I ASKED C/O MOORLES FOR A BOOK FOR NINE DAYS I WAS NOT GIVEN A BOOK OR MY PROPERTY.

2-22-8 C/O WILLIAMS THREW AWAY C3 OF MY BOOKS WHEN HE GAVE ME MY PROPERTY.

2-13-8 FROM THAT DAY TILL 6-1-8 I WAS NOT GIVEN ANY NO STATE FUNDS ENVELOPES, THIS VIOLATES MY RIGHT TO OUTGOING CORRESPONDENCE AND ACCESS TO THE COURTS. PROCUNIER V. MARTINEZ 416 U.S. 396 (1974) BOUNDS V. SMITH 430 U.S. 817, 821 (1977)

MY SHOES WERE ALSO TAKEN 2-13-8

3-7-8 C/O'S HARO, S. FAAITA AND THOMSON TURN OFF THE WATER TO MY CELL WHILE IM EXERCISING NO VALID PENAL PURPOSE

3-10 SENT 8 1983 SUIT TO S.Q APPEAL CO. FOR MAIL TO U.S. DISTRICT COURT FOR WATER, IMMINENT DANGER AND ACCESS TO COURTS IT WAS NEVER FILED.

WATER TURNED ON AFTER 3 DAYS, INMATE CLAIMS A.C. STAFF LIST FAILED TO INTERVENE OR TURN ON MY WATER, 8th AMEND. CLAIM INMATE DEPRIVED DRINKING WATER FOR 3 DAYS.
DELLIS V. CORR. CORP. OF AM. 257 F. 3D 508, 512 [6th CIR 2001]

3-14 WATER AGAIN TURNED OFF WHILE I WAS EXERCISING, C/O'S HARO KNOX

3-18 SENT LETTER TO DIRECTOR OF CORRECTIONS BY WAY OF S.Q. APPEAL CO.

3-20 WATER TURNED ON ASK PSYCH TECH LULU AND C/O PURCELO FOR PEN AND 602, NO A.C. STAFF WOULD GIVE ME A PEN OR 602 FROM 3-10 TO 4-13

4-1 HURT ARM WORKING OUT POSSIBLE BONE FRACTURE NO STAFF WOULD GIVE ME A PEN OR A MEDICAL SLIP.
STATE HAS A CONSTITUTIONAL DUTY TO PROVIDE ADEQUATE MEDICAL TREATMENT TO THOSE IN CUSTODY UNDER THE 8th AMEND.
ESTELLE V. GAMBLE 429 U.S. AT 104, 97 S.Ct AT 291 [1976]

4-4 HOT WATER TURNED OFF BY C/O KNOX WHEN HE SEEN ME SOAKING M ARM.

4-13 COLD WATER SHUT OFF C/O S. GUTHRIE, MCGEHEE

4-14 TOLD DR. HYATT ABOUT ARM, WATER AND 602'S

4-17 GOT 2 602'S FROM C/O FRANKEL WROTE EMERGENCY 602 FOR WATER ACCESS TO COURTS

4-22 COLD WATER TURNED ON AFTER 9 DAYS

4-27 WATER IN SINK TURNED OFF AGAIN, C/O SANCHEZ, MCGEHEE NO VALID PURPOSE

4-28 SGT DOAK NOTIFIED WATER TURNED OFF

4-30 TOLD PSYCH TECH LULU TO TELL SGT ABOUT WATER

PRISON OFFICIALS MAY NOT DEPRIVE A INMATE OF BASIC HYGIENIC REQUIREMENTS FOR THE PURPOSE OF IMPOSING DISCIPLINARY SANCTIONS, PLAINTIFF WHO WAS DEPRIVED OF HOT WATER, SHOWERS WHILE IN SPECIAL HOUSING UNIT PROPERLY RAISES A 8th AMEND. VIOLATION.
TRAMMEL V. COOMBE 170 MISC 2D 47, 649 N.Y.S. 2D 964 (SUP 1996)

TO SATIFFY THE SECT. 1983 "UNDER COLOR OF LAW" REQUIREMENT ALL DEFENDANTS CONDUCT IS THE MISUSE OF POWER POSSESSED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE THE WRONGDOER IS CLOTHED WITH THE AUTHORITY OF STATE LAW. WEST V. ATKINS 487 U.S. 42, 48 (1988)

POLICE OFFICERS WHO HAVE A REALISTIC OPPORTUNITY TO STEP FORWARD AND PREVENT A FELLOW OFFICER FROM VIOLATING A INMATE RIGHT BUT FAIL TO DO SO MAY BE HELD LIABLE. THIS IS KNOWN AS A "FAILURE TO INTERVENE" BASIS FOR A CONSTITUTIONAL VIOLATION UNDER THE 8th AMEND., LONG HELD BY THE U.S. COURT OF APPEALS, 7th CIR. IN ORDER FOR THERE TO BE A FAILURE TO INTERVENE, IT LOGICALLY FOLLOWS THERE MUST EXIST A UNDERLYING CONSTITUTIONAL VIOLATION HARPER V. ALBERT 400 F.3D 1052, 1065 (7th CIR 2005)

INMATE CLAIMS A.C. STAFF LISTED FAILED TO INTERVENE OR TURN ON INMATES WATER. 8th AMEND. CLAIM STATED BECAUSE PRISONER DEPRIVED DRINKING WATER 3 DAYS.
DELLIS V. CORR. CORP. OF AM. 257 F.3D 508, 512 (6th CIR 2001)

ADJUSTMENT CENTER STAFF LIST

| | | |
|---|---|---|
| TORGOLDSON | A. WILLIAMS | BURLAGE |
| S. GUTHRIE | R. PERSAUD | BAROCIO |
| MC GEHEE | S. FAAITA | DELOSANTO |
| CROSS | T.D. KNOX | HENDERSON |
| KIM | THOMSON | SAVALA |
| DULATO | FRY | SANCHEZ |
| GOSS | HARO | SGT. DEAK |
| L. FRIESON | NOVAK | CERINI |
| FENNWA | SGT. BICKHAM | A. STANTON JR. |
| F. PACHECO | J. GILES | FIGUEROA |
| MORRIS | SCHMIDT | SGT BRADFORD |
| J. WAGNER | CONSTANCEIO | SGT. DAIHG |

WHEN A SUPERVISORY OFFICIAL IS PLACED ON ACTUAL NOTICE OF A PRISONERS NEED FOR MEDICAL CARE, ADMINISTRATIVE NEGLIGENCE CAN RISE TO THE LEVEL OF DELIBERATE INDIFFERENCE TO OR RECKLESS DISREGARD FOR A PRISONERS SAFETY.

RONDON PINTO V. JIMENEZ NETTLESHIP 737 F.2D 130, 132 (1RST CIR 1984)

INMATE CASES LOST OR REJECTED
BOARD OF SUPERVISORS, CONTRA COSTA CO. 651 PINE ST. #106 MARTINEZ, CA. 94553
CASE # C20, C32, C34

SUPERIOR/MARTINEZ 725 COURT ST. 94553
CASE #'S CIVMS 07-1954, 2001, 1953, 2002, 1368, 1508, 2000, 1976

U.S. DISTRICT COURT 450 GOLDEN GATE AV. S.F. 94102
CASE #'S C-07-4437 WHA(PR), 4438, 4439, 4440

U.S. COURT OF APPEALS 9th CIR BOX 193939, S.F. 94119
CASE #'S 07-17275, 17276, 17296

1-24-8 C/O COLLINS TOLD ME TO FIND HIM IN HILLTOP IN RICHMOND SO HE COULD SHOOT ME.

1-25-8 C/O CONNELLY TELLS ME TO "SHUT MY BITCH ASS UP", CALLS ME "HILLBILLY" AND "TRAILER TRASH" AND THAT I "P.C.'D UP IN WEST BLOCK.

1-28-8 C/O PRADO TAUNTED ME WITH "DO YOU WANT A SHOWER OR A HAIRCUT, ARE YOU GOING TO BACK OUT OF YOUR CELL? C/O M. MORROW SAYS OVER THE P.A. SYSTEM THAT "SINCE I'VE BEEN LOCKED UP HE'S FUCKED MY MOTHER".

1-28-8 C/O CONNELLY TELLS ME "MY MOTHER MUST HAVE BEEN FUCKED BY A BLACK MAN WHILE I WATCHED.

4-30  TOLD PSYCH TECH LULU TO TELL SGT ABOUT WATER
5-1   LULU TOLD ME SHE TOLD SGT. BICKHAM ON 4-30
5-7   LAW SUIT SENT TO APPEAL CO. ON 4-30 SENT BACK 2ND TIME
5-9   SENT APPEAL LOG # 07-4625, 08-0239 AND LAWSUIT THAT WAS SENT BACK TO N. GRANNIS CHIEF INMATE APPEAL
5-10  WATER TURNED ON AFTER 14 DAYS
5-27  LEFT A.C. TO D-531
6-1   RECIEVED PEN SENT IN MED. SLIP FOR ARM, 2 602'S
6-2   602 AND LAWSUIT SENT TO APPEAL CO., U.S. DISTRICT FOR C/O POLK
6-5   LIGHTS TURNED OUT IN CELL, C/O FULLER WOULD NOT TAKE ME TO MEDICAL UNLESS I BACK OUT OF MY CELL WOULD NOT GIVE ME A 602 ALSO ASKED NWOSO, GARDNER WROTE 2ND 602 FOR WATER IN A.C. HAVE COPIES OF 6-1, 6-2, 6-5, 6-6, 6-13, 6-17, 6-20, 6-22, 6-25.
6-7   SENT LETTER TO INTERNAL AFFAIRS
6-9   SENT IN 2ND MED SLIP ARM, T.B. MEDS
6-10  LIGHTS IN CELL TURNED ON AFTER 5 DAYS
6-12  SEEN TRIAGE FOR ARM, T.B. MEDS, C/O RAMOS TOLD ME HE'D GET ME SOME SHOES, C/O GARDNER 1 SHEET FOR CLOTHING EXCHANGE, DUMPS DINNER TRAY ON FLOOR I WAS NOT FED.
6-19  1 SHEET, 1 PAIR BOXERS GARDNERS CLOTHING EXCHANGE
6-20  SEEN DR HANNA DENIED T.B. MEDS, SEND IN 602 FOR M. GARCIA AND 1140
6-22  APPEAL DR. HANNA ABOUT T.B. MEDS
6-24  X-RAY OF ARM
6-25  60 IBUPROFEN GIVEN

THIS IS ALL TO DOCUMENT CAMPAIGN OF HARASSMENT FOR FILING AND MAINTAINING A LAWSUIT.
BART V. TELFORD 677 F.2D 622 (7th CIR 1982)